Steven M. Tindall, SBN #187862
Caroline C. Corbitt, SBN #305492
Email: smt@classlawgroup.com
GIBBS LAW GROUP LLP
505 14th Street, Suite 1110
Oakland, California 94612-1406
Telephone: (510) 350-9700
Facsimile: (510) 350-9701

Beth E. Terrell, SBN #178181
Email: bterrell@terrellmarshall.com
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

[Additional Counsel Appear on Signature Page]

*Attorneys for Plaintiff and the Proposed Class*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

MICHELLE SHULTZ,

                              Plaintiff,

        v.

LINKNOW MEDIA,

                              Defendant.

Case No. 3:19-cv-1936

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**

**CLASS ACTION**

**JURY TRIAL DEMAND**

## I.    NATURE OF THE ACTION

1.      LinkNow Media called Plaintiff Michelle Shultz's cellular phone in an effort to market LinkNow's website design services. LinkNow used an automatic telephone dialing system ("ATDS") to make these calls.

2.      Plaintiff has not been a LinkNow customer at any time. Plaintiff never consented to receive this call from LinkNow.

3.      Plaintiff brings this class action for damages and other equitable and legal remedies resulting from LinkNow's violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## II.     PARTIES

4.      Plaintiff Michelle Shultz resides in Alameda County, California.

5.      Defendant LinkNow Media is a Canadian corporation with its principal place of business at 4700 Rue de la Savane, Suite 210, Montreal Qc H4P 1T7. The allegations in this Complaint as to acts and omissions by LinkNow shall be construed as allegations against LinkNow, whether such conduct was committed by LinkNow directly, or through its agents.

## III.     JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims present a federal question.

7.      This Court has personal jurisdiction over LinkNow because it directed the call that is the subject of this action to Plaintiff's cellular phone. Plaintiff's cellular phone uses a California area code. LinkNow continuously and systematically conducts business in California, within this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

9.      Assignment to this Division is proper pursuant to Civil L.R. 3-2(c) because a substantial part of the events or omissions that give rise to Plaintiff's claims—namely, receipt of the illegal telemarketing—occurred in Alameda County.

## IV.    BACKGROUND AND FACTS

**A.    The TCPA was enacted to curb harassing robocalls.**

10.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.    In enacting the TCPA, Congress found: "Evidence compiled by Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator of the message, to be a nuisance and an invasion of privacy." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 § 2(10). Congress continued: "Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." *Id.* § 2(12).

12.    The TCPA's sponsor described unwanted robocalls as "the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30,821 (1991) (statement of Sen. Hollings).

13.    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1). The FCC refers to calls made by an automated telephone dialing system ("ATDS") or with a prerecorded or artificial voice as "robocalls."

14.    Prior express written consent is required before making telemarketing robocalls to wireless numbers:

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 3

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnotes omitted) (internal quotation marks omitted).

15. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1). 47 U.S.C. § 227(b)(3).

**B.    The number of robocalls continues to increase.**

16. Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

17. According to online robocall tracking service "YouMail," 5.2 billion robocalls were placed in March 2019 at a rate of 168.8 million per day. www.robocallindex.com (last visited April 9, 2019). YouMail estimates that 2019 robocall totals will exceed 60 billion. *See id.*

18. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data (last visited April 9, 2019).

**C.    LinkNow placed an unsolicited, automated, telemarketing call to Plaintiff's cell phone.**

19. LinkNow designs websites for small businesses.

20.     LinkNow attempts to identify new customers through telemarketing.

21.     One of the ways that LinkNow identifies new customers involves an ATDS.

22.     Plaintiff's telephone number, 925-351-XXXX, is assigned to a cellular telephone service.

23.     On February 1, 2019, Plaintiff received an automated call from a number with the Caller ID (909) 343-5488.

24.     When Plaintiff answered the call, there was no one on the other line.

25.     Plaintiff said "hello" several times.

26.     Instead of a response, Plaintiff heard a loud click and then a pause.

27.     The loud click and the pause are indicative of a predictive dialer being used, as the sound heard by the call recipient is the algorithm of the predictive dialer's computer attempting to send the call to a telemarketing representative.

28.     A predictive dialer is an ATDS for purposes of the TCPA.

29.     When a live human finally came on the line, she identified herself as "Fallon" and promoted LinkNow's services.

30.     Plaintiff, skeptical of the unsolicited cold call, requested a written contact so she could investigate the call.

31.     Plaintiff then received an e-mail from "Fallon Champagne – LinkNow Media" from the e-mail address "website-design@linknowmail.com".

**D.     LinkNow's TCPA violations injured Plaintiff.**

32.     During the relevant period, Plaintiff has carried her cellular phone with her at most times so she can be available to family, friends, and associates.

33.     LinkNow's call invaded Plaintiff's privacy and intruded on her right to seclusion. The call frustrated and upset Plaintiff by interrupting her daily life and wasting her time.

34. LinkNow's call intruded upon and occupied the capacity of Plaintiff's cell phone. The call temporarily seized and trespassed upon Plaintiff's use of her cell phone and caused her to divert attention away from other activities to address the call.

35. Other people have complained about harassing calls from LinkNow.

36. Plaintiff's experience with LinkNow is not unique. People recently have complained on the website 800notes.com about harassing calls from that telephone number. For example, on December 21, 2018, a person named Sasha complained, "Calls every day. Never leaves a message." *See https://800notes.com/Phone.aspx/1-909-343-5488* (last visited April 9, 2019). And on February 27, 2019, a "shop owner" complained "TELEMARKETER CALLS JUST ABOUT EVERY OTHER DAY." *Id.* Interspersed among the complaints was a banner advertisement for LinkNowMedia. *Id.*

37. Recent complaint activity on the website everycaller.com shows four callers reported calls from that number as "spam." *See* https://www.everycaller.com/phone-number/1-909-343-5488/ (last visited April 9, 2019).

## V.   CLASS ACTION ALLEGATIONS

38. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure 23(a) and (b)(3) as a representative of the following Class:

> All persons within the United States to whom Defendant or a third party acting on its behalf, (a) made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an automatic telephone dialing system or an artificial or prerecorded voice; (d) at any time in the period that begins April 10, 2015 to trial.

Plaintiff reserves the right to amend the Class definition following an appropriate period of discovery.

39.     Because auto-dialing equipment maintains records of each contact, members of the Class can be identified through LinkNow's or its agents' or affiliates' records.

**A.    Numerosity.**

40.     At the time of filing, Plaintiff does not know the exact number of Class members. But the potential Class members number at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day.

41.     The alleged size and geographic dispersal of the Class makes joinder of all Class members impracticable.

**B.    Commonality and Predominance.**

42.     There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

43.     Whether LinkNow's dialing system(s) constitute an ATDS under the TCPA;

44.     Whether LinkNow used an ATDS to place non-emergency calls to the cellular telephones of Plaintiff and Class members without their prior express consent;

45.     Whether LinkNow's telephone calls were made knowingly or willfully; and

46.     Whether Plaintiff and Class members were injured by receiving such calls.

**C.    Typicality.**

47.     Plaintiff's claims are typical of the claims of the Class, in that Plaintiff, like all Class members, has been injured by LinkNow's uniform misconduct—the placement of calls to cellular telephones for non-emergency purposes without the prior written express consent of the called parties.

**D.     Adequacy.**

48.     Plaintiff will fairly and adequately protect the interests of the Class and is committed to the vigorous prosecution of this action. Plaintiff has retained counsel experienced in class action litigation and matters involving TCPA violations.

**E.     Superiority.**

49.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because of LinkNow's financial resources, Class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce LinkNow to comply with federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

## VI.     FIRST CLAIM FOR RELIEF

### (Violations of the TCPA, 47 U.S.C. § 227, *et seq.*)

50.     Plaintiff incorporates the above allegations by reference.

51.     LinkNow or its agents used an automatic telephone-dialing system or an artificial or prerecorded voice to make non-emergency calls to the cellular telephones of Plaintiff and Class members, without their prior express written consent.

52.     The foregoing acts and omissions violate the TCPA, including, but not limited to, 47 U.S.C. § 227(b)(1)(A)(iii).

53.     Plaintiff and members of the Class are entitled to an award of $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

54.     Plaintiff and members of the Class are also entitled to an injunction prohibiting LinkNow or its affiliates and agents from placing non-emergency calls to any cellular telephone number using an ATDS and/or artificial or prerecorded voice.

55.     The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii).

56.     Under 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class members are entitled to an award of $1,500.00 in statutory damages for every call placed in violation of the TCPA

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of all members of the Class, pray for judgment against LinkNow as follows:

A.      Certification of the proposed Class;

B.      Appointment of Plaintiff as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that actions complained of herein violate the TCPA;

E.      An order enjoining LinkNow and its affiliates, agents and related entities from making automated calls;

F.      An award to Plaintiff and the Class of damages, as allowed by law;

G.      An award to Plaintiff and the Class of costs and attorneys' fees, as allowed by law, equity and/or California Code of Civil Procedure section 1021.5;

H.      Leave to amend this Complaint to conform to the evidence presented at trial; and

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 9

I.    Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VIII.    DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this 10th day of April, 2019.

GIBBS LAW GROUP LLP

By: */s/ Steven M. Tindall*, SBN #187862
　　Steven M. Tindall, SBN #187862
　　Caroline C. Corbitt, SBN #305492
　　Email: smt@classlawgroup.com
　　505 14th Street, Suite 1110
　　Oakland, California 94612-1406
　　Telephone: (510) 350-9700
　　Facsimile: (510) 350-9701

　　Beth E. Terrell, SBN #178181
　　Email: bterrell@terrellmarshall.com
　　TERRELL MARSHALL LAW GROUP PLLC
　　936 North 34th Street, Suite 300
　　Seattle, Washington 98103
　　Telephone: (206) 816-6603
　　Facsimile: (206) 319-5450

　　Anthony I. Paronich (pro hac vice application to be submitted)
　　Email: anthony@paronichlaw.com
　　PARONICH LAW, P.C.
　　350 Lincoln Street, Suite 2400
　　Hingham, MA 02043
　　Telephone: (617) 485-0018
　　Facsimile: (508) 318-8100

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Andrew Heidarpour (pro hac vice application to
be submitted)
E-mail: heidarpourlawfirm@gmail.com
HEIDARPOUR LAW FIRM, PLLC
1300 Pennsylvania Avenue N.W., Suite 190
Washington, D.C. 20004
Telephone: (202) 234-2727

*Attorneys for Plaintiff*